UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RANDY L. THOMAS** | : | **DOCKET NO. 2:10-cv-1583** |
| **VS.** | : | **JUDGE MINALDI** |
| **LOUISIANA DEPARTMENT OF PROBATION AND PAROLE, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff, Randy L. Thomas, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on October 15, 2010. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at C. Paul Phelps Correctional Center (CPP), DeQuincy, Louisiana.

Plaintiff complains that the LDOC erroneously released him from custody for a period of approximately seven months. After he was re-arrested, plaintiff claims that the LDOC failed to credit him with the time, approximately seven months, that he was erroneously released from custody. Plaintiff claims that this has resulted in his incarceration without due process. He also complains that CPP's counsel substitutes (offenders that aid and assist an accused offender in legal matters) are not trained paralegals and that their cursory training does not afford him meaningful access to the courts.

Plaintiff names the following as defendants herein: the Louisiana Department of Public Safety and Corrections; the Louisiana Department of Probation and Parole; Jefferson Parish Sheriff's Department; Probation Officer Templeton; James LeBlanc; Jon Gegenheimer; Frank Palestina; and, CPP Warden Robert Henderson.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE.**

## FACTS

Petitioner was convicted by a jury in Jefferson Parish, Louisiana and sentenced to serve a term of incarceration at hard labor. Petitioner states that an eight year sentence was imposed pursuant to the habitual offender statute. Doc. 1, p. 6.

On or about April 23, 2006, petitioner was released from custody under a diminution of sentence. *Id.* On November 28, 2006, he was returned to custody, as the LDOC found that he was not entitled to a diminution of sentence and had been released in error. *Id.* Plaintiff blames the Jefferson Parish Sheriff's Department for the failure to properly transmit the sentencing documentation to the DOC. *Id.* Plaintiff claims that the lapse in transmitting the documentation was through no fault of his own.

Plaintiff states that he began the DOC's administrative remedy process but did not complete it, stopping at Step II. Doc. 1, p. 7. He states that he then pursed the matter in the district court in an attempt to obtain credit for the seven months that he was erroneously released, but to no avail. *Id.*

Plaintiff's efforts at reasserting claims via the administrative remedy procedure process were denied as repetitive and procedurally barred. *Id.* He claims that he relied on the counsel substitutes' erroneous advice in not pursuing his administrative remedy. *Id.* In regard to his claims, plaintiff seeks credit for the time that he was erroneously released as well as compensatory, punitive, and nominal damages. Doc. 1, p. 9.

## **LAW AND ANALYSIS**

At the outset, the court notes that on November 1, 2010, plaintiff filed a *habeas corpus* petition pursuant to 28 U.S.C. § 2241 addressing the matters made the basis of the present suit. (Docket No. 2:10-1704, *Thomas v. Robert Henderson, et al.,* United States District Court, Western District of Louisiana) Plaintiff's *habeas corpus* case is currently under review. In the present civil rights case, plaintiff asks for monetary damages, not solely release from imprisonment. Thus, the court will treat plaintiff's claim as he advances–one for relief pursuant to 42 U.S.C. § 1983.

**1. Frivolity Review**

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(I) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep Sch. Dist.*, 153

F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

### 2. 42 U.S.C. § 1983

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, an initial inquiry in a lawsuit filed under § 1983 is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under § 1983. In order to hold the defendants liable under 42 U.S.C. § 1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *See Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

The court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should therefore be dismissed with prejudice.

### a. Credit for "Release" Time

Plaintiff argues that he is entitled to compensation for being erroneously released and for the failure of that time to be credited to the remainder of his sentence. He also asks this court to credit him with the seven months spent on release.

Plaintiff is not entitled to the relief he seeks. In the factually similar case of *Leggett v. Fleming*, 380 F.3d 232, 235 (5th Cir. 2004), the Fifth Circuit addressed a request from an inmate for time spent at liberty after being erroneously released by state authorities. In that case, the Fifth Circuit stated, "this court expressly held that a prisoner is not entitled to a credit when there is merely a delay in the execution of one's sentence." *Leggett*, at 235 (citing *U.S. ex rel. Mayer v. Loisel*, 25 F.2d 300, 301 (5th Cir. 1928)); *see also Scott v. U.S.*, 434 F.2d 11, 23 (5th Cir. 1970) ("This Court holds that the mere lapse of time that occurred here [27 months], without petitioner undergoing any actual imprisonment to which he was sentenced ...does not constitute service of that sentence, and this sentence remains subject to be executed, notwithstanding the delay in executing it"). The *Leggett* court stated that it was foreclosed by circuit precedent from relying on a conflicting holding from another circuit in order to grant the petitioner's request for credit for time spent at liberty before commencement of a sentence. *Leggett,* at 235.

In keeping with *Leggett*, the petitioner in the present case is not entitled to credit for the time in which he was erroneously released. As he is not entitled to have the time credited, he is likewise not entitled to damages for same. Thus, his claims in this regard must be dismissed.

      b.     **Access to Court Claim**

Plaintiff claims that CPP failed to properly train counsel substitutes. He alleges that this lack of training denied him meaningful access to the courts and in essence caused plaintiff to default on his claims.

Plaintiff is correct in his assertion that prisoners are guaranteed the right of access to the courts by the United States Constitution. However, in this action, plaintiff's claims do not rise to the level of a constitutional violation.

In *Bounds v. Smith*, 430 U.S. 817, 822 (1977), the Supreme Court held that prisoners have a fundamental constitutional right to adequate, effective, and meaningful access to the courts. *See also Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997), cert. denied, 522 U.S. 995 (1997). A prisoner's right of access is not unlimited, [i]t encompasses only a reasonably adequate opportunity to file non frivolous legal claims challenging their convictions or conditions of confinement. *Id*. at 310-311 (quoting *Lewis v. Casey* 116 S.Ct. 2174, 2182 (1996)).

In *Lewis v. Casey*, the Supreme Court found that the right of access to the courts does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. 116 S.Ct. at 2182. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration. *Id*. Further, prison officials have considerable discretion in choosing the mechanism and forms of assistance they will furnish to prisoners for the purpose of allowing prisoners to file non-frivolous legal claims. *See Lewis*, at 2182 ("Of course, we leave it to prison officials to determine how best to ensure that inmates ... have a reasonably adequate opportunity to file non-frivolous legal claims challenging their convictions or conditions of confinement"). "While the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the

ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d at 821(5th Cir 1993); *see also Lewis v. Casey*, 116 S.Ct. at 2179-81; *Norton v. Dimazana*, 122 F.3d at 290; *Eason v. Thaler*, 73 F.3d 1322, 1329 (5th Cir. 1996). The Supreme Court in *Lewis*, explained that before an inmate may prevail on a claim that his constitutional right of access to the courts was violated, he must demonstrate that he suffered actual injury--i.e. that the denial of access hindered his efforts to pursue a legal claim. 116 S.Ct. at 2180; *see also McDonald v. Steward,* 132 F.3d 225, 231 (5th Cir. 1998); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998) (without proving actual injury, the prisoner/plaintiff cannot prevail on an access-to-courts claim); *Chandler v. Baird*, 926 F.2d 1057, 1063 (5th Cir. 1991) (A civil rights claim cannot be based on minor and short-lived impediments to access in the absence of actual prejudice); *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir. 1992) cert. denied, 504 U.S. 988 (1992) (If a litigant's position is not prejudiced by the claimed violation, his claim of denial of access to the courts is not valid).

Further, in prison disciplinary proceedings, the issue is ineffective assistance of counsel substitute, as opposed to ineffective assistance of an actual attorney. Inmates do not have a right to either retained or appointed counsel in disciplinary hearings. *Baxter v. Palmigiano*, 425 U.S. 308, 315, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976) (quoting *Wolff*, 418 U.S. at 570). The plaintiff may not complain about the inadequacy of counsel due to the absence of a right to counsel. *Wainwright v. Torna*, 455 U.S. 586, 587-88, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982). See *Enriquez v. Mitchell*, 533 F.2d 275, 276 (5th Cir.1976).

Plaintiff has not demonstrated that he has been hindered in his ability to pursue a legal claim. Accordingly, absent any cognizable injury or prejudice, plaintiff cannot raise a claim of denial of

access to the courts and his claims are recommended dismissed for failing to state a claim upon which relief can be granted pursuant to 28 U.S. C. § 1915A(b)(1).

For the reasons discussed above, **IT IS RECOMMENDED** that this petition be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief might be granted. Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Serv. Auto. Ass'n*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 3rd day of October, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE